**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHARLES MURRAY, on behalf of himself and those similarly situated<br>5 Log Cabin Road<br>Sicklerville, NJ 08081<br><br>Plaintiff,<br><br>v.<br><br>GERDAU AMERISTEEL CORP.<br>4221 W. Boy Scout Blvd., Suite 600<br>Tampa, FL 33607<br><br>and<br><br>JOHN DOES 1-10<br><br>Defendants. | COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br>CLASS ACTION FOR UNPAID OVERTIME AND UNPAID WAGES UNDER NEW JERSEY WAGE AND HOUR AND WAGE PAYMENT LAW<br><br><br>No. _____<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION CIVIL COMPLAINT

Charles Murray ("Plaintiff"), on behalf of himself and those similarly situated (hereinafter referred to as "Plaintiffs"), hereby complains as follows against Defendants.

### INTRODUCTION

1.      Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law, and the New Jersey Wage Payment Law (collectively "New Jersey Wage Laws").  Plaintiff asserts that Defendants failed to pay Plaintiff and Plaintiffs proper overtime compensation in violation of the FLSA and New Jersey Wage Laws, and failed to pay wages to Plaintiff and Plaintiffs for certain hours worked in violation of New Jersey Wage Laws.

### JURISDICTION AND VENUE

2.      The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4.      The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States.  This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

5.      Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6.      The foregoing paragraphs are incorporated herein as if set forth in full.

7.      Plaintiff Charles Murray is an adult individual with an address as set forth above.

8.      At all times relevant herein, Plaintiff worked for Defendant Gerdau Ameristeel Corp. at its facility in Sayreville, New Jersey.

9.      Defendant Gerdau Ameristeel Corp., upon information and belief, is headquartered in Florida at the address as set forth above and operates at least one facility in the state of New Jersey.

10.     Defendants John Doe 1 through John Doe 5 are presently unknown persons who directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failing to pay Plaintiff and Plaintiffs proper compensation pursuant to the FLSA and New Jersey Wage Laws.

2

11.     Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Plaintiff and Plaintiffs.

12.     At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendants whose duties primarily include manual labor and in other similar non-exempt positions subject to Defendants' unlawful pay practices and policies and who worked for Defendants at any point in the three years preceding the date the instant action was initiated (this members of this putative class will be referred to as "Plaintiffs").

14.     Plaintiff and Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as discussed *infra*.

15.     There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

16.     Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

17.     Therefore, Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

18.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

19.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings his claim for relief to redress Defendants' violations of the New Jersey Wage and Hour Law and the New Jersey Wage Payment Law on behalf of himself and those similarly situated.

20.     Specifically, Plaintiff seeks to represent a class of all Plaintiffs who worked or work for Defendants in New Jersey within the last two years ("New Jersey Plaintiffs").

21.     The class is so numerous that the joinder of all class members is impracticable. Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is at least several dozen.

22.     Plaintiff's claims are typical of the claims of the putative class members, because Plaintiff, like all New Jersey Plaintiffs, was an employee of Defendants in New Jersey whom (1) Defendants required to work more than 40 hours per workweek and then failed to pay proper overtime wages as required by New Jersey Wage and Hour Law and New Jersey Wage Payment Law; and (2) Defendants failed to compensate at all for certain compensable hours worked.

23.     Plaintiff will fairly and adequately protect the interests of the putative class because Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

24.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendants' records.

25.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

26.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the class are whether Defendants improperly failed to apply non-discretionary bonuses to determine the base rate and whether Defendants failed to pay for compensable hours worked.

## FACTUAL BACKGROUND

27.     The foregoing paragraphs are incorporated herein as if set forth in full.

28.     Plaintiff and Plaintiffs are current and/or former employees of Defendant Gerdau Ameristeel, Corp. who within the last three years have been or are presently employed by Gerdau Ameristeel Corp.

29.     Plaintiff worked for Defendant Gerdau Ameristeel Corp. at its location in Sayreville, NJ.

30.     Upon information and belief, Defendant Gerdau Ameristeel Corp. has maintained an unlawful wage payment system for at least the last three years.

## UNLAWFUL OVERTIME RATES

31.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

32.     Plaintiff and Plaintiffs regularly work in excess of 40 hours per workweek.

33.     Plaintiff and Plaintiffs performed primarily manual labor for Defendant Gerdau Ameristeel Corp.

34.     Defendants pay Plaintiff and Plaintiffs non-discretionary bonuses each pay period and designate same as "incentive pay" ("Incentive Pay Bonus").

35.     Defendants based the Incentive Pay Bonus on a mathematical formula based upon the performance of the facility where Plaintiff and Plaintiffs are employed.

36.     Accordingly, Defendants do not have discretion as to the amount of the Incentive Pay Bonus or whether the Incentive Pay Bonus will be paid.

37.     Defendants pay Plaintiff and Plaintiffs a premium for working Sundays which is less than 1.5 times their base rate ("Sunday Premium").

38.     Defendants pay Plaintiff and Plaintiffs a premium for working certain shifts which is less than 1.5 times their base rate ("Shift Premium").

39.     Defendants have failed to include the Incentive Pay Bonus, the Sunday Premium, and the Shift Premium in determining the base rates of Plaintiff and Plaintiffs.

40.     Accordingly, Defendants pay Plaintiff and Plaintiffs less than 1.5 times their base rates for overtime worked in workweeks where the Incentive Pay Bonus, Shift Premium, and/or Sunday Premium is provided to Plaintiff and Plaintiffs.

41.     By way of example, for the pay period August 24, 2008-August 30, 2008:

  a.   Plaintiff was paid for 49.3 hours of work;

   b.   Defendants paid Plaintiff $722 for the Incentive Pay Bonus;

   c.   Defendants paid Plaintiff $27.65 per hour for his regular hours.

   d.   Defendants paid Plaintiff $385.76 for 9.3 overtime hours, or $41.48 per hour
        for each overtime hour;

   e.   Defendants accordingly based the overtime on a $27.65 per hour base rate,
        which does not take into account the Incentive Pay Bonus.

   f.   To calculate the correct base rate, Defendants should have multiplied the
        regular hourly rate ($27.65) by the total number of hours worked (49.3) *and
        then added to that the Incentive Pay Bonus* ($722.00).  Defendants then
        should have divided the total ($2,085.15) by the total number of hours worked
        (49.3) to arrive at the actual base rate ($42.30/hour).

   g.   Defendants then should have calculated the overtime rate at 1.5 times the
        actual base rate ($63.45/hour).

   h.   Accordingly, Defendants shorted Plaintiff $21.97 per overtime hour during
        the week of August 24, 2008 – August 30, 2008.

42.   By way of further example, for the pay period May 2, 2010-May 8, 2010:

   a.   Plaintiff was paid for 49.5 hours of work;

   b.   Defendants paid Plaintiff $683.06 for the Incentive Pay Bonus;

   c.   Defendants paid Plaintiff $29.62 per hour for his regular hours.

   d.   Defendants paid Plaintiff $44.43 per hour for his 9.5 overtime hours.

   e.   Defendants paid Plaintiff an additional $.50 per hour (on top of his regular
        hourly rate) for 8 hours and an additional $.75 per hour (on top of his regular
        hourly rate) for 15.5 hours for the Shift Premium.

    f.   These two shift premiums added $15.63 to Plaintiff's weekly pay.

    g.   Finally, Defendants paid Plaintiff an additional $14.81 per hour (on top of his regular hourly rate) for the Sunday Premium

    h.   Defendants however based the overtime compensation due Plaintiff only on Plaintiff's base hourly rate of $29.62, rather than taking into account Plaintiff's Incentive Pay Bonus, the Shift Premium, and/or the Sunday Premium.

    i.   To determine if the Sunday premium was enough to permit them to not include it in the base rate, Defendants should have multiplied the regular hourly rate ($29.62) by the total number of hours worked (49.5) *and then added to that the Incentive Pay Bonus* ($683.06) *and the Shift Premium* ($15.63).  Defendants then should have divided the total ($2,164.88) by the total number of hours worked (49.5) to arrive at the base rate ($43.73/hour).

    j.   Defendants then should have calculated the overtime rate at 1.5 times the base rate ($65.60/hour).

    k.   Before taking into account the Sunday Premium, Plaintiff's base rate was $43.73 per hour; accordingly, the premiums paid for Sunday were less than 1.5 times Plaintiff's base rate.

    l.   Consequently, such payments for the Sunday premium should have been included in Plaintiff's base rate.

    m.   Taking this into account, Defendants should have multiplied the regular hourly rate ($29.62) by the total number of hours worked (49.5) *and then added to that the Incentive Pay Bonus* ($683.06*), the Sunday Premium*

($296.20), *and the Shift Premium* ($15.63).  Defendants then should have divided the total ($2,457.08) by the total number of hours worked (49.5) to arrive at the base rate ($49.64/hour).

n.   Defendants then should have calculated the overtime rate at 1.5 times Plaintiff's actual base rate ($74.46/hour).

o.   Accordingly, Plaintiff was shorted $30.03 per overtime hour during the week of May 2, 2010-May 8, 2010.

43.   The aforementioned instances are mere examples of the unlawful policies and practices of Defendants. Defendants' practice of not applying the Incentive Pay Bonus, the Sunday Premium, and/or the Shift Premium to determine base pay occurred consistently to Plaintiff and Plaintiffs for nearly all pay periods, save only the pay periods where Plaintiff and Plaintiffs did not work in excess of 40 hours or where no Incentive Pay Bonus, Shift Premium, and Sunday Premium were provided.

44.   The aforementioned conduct has caused damages to Plaintiff and Plaintiffs.

## PORTAL TO PORTAL VIOLATIONS

45.   The foregoing paragraphs are incorporated herein as if set forth in their entirety.

46.   Defendants required and continue to require Plaintiff and Plaintiffs working at its Sayreville, NJ location to report to work at a location where the safety equipment was and is stored ("Reporting Location").

47.   Plaintiff and Plaintiffs are required to "gear up" with Defendants' safety gear, etc. at the Reporting Location and then walk to the job site ("Job Site").

48.   This process takes about 15-20 minutes per day.

49.   Plaintiff and Plaintiffs do not clock in until they arrive at the Job Site.

50.     Further, Plaintiff and Plaintiffs must clock out at the Job Site before returning the Reporting Location to remove their safety gear and go home.

51.     This process takes an additional 15-20 minutes per day.

52.     Accordingly, Defendants short Plaintiff and Plaintiffs 30-40 minutes of pay per working day by not providing compensation to Plaintiff and Plaintiffs for the aforementioned time, as required by the Portal to Portal Act.

53.     Much this uncompensated time consists of time worked in excess of 40 hours per workweek, and accordingly, by failing to pay Plaintiff and Plaintiffs for this time, Defendants are failing to pay proper overtime compensation.

54.     Upon information and belief, Defendants subject their employees at other locations to similar Portal to Portal act violations.

55.     The aforementioned conduct has caused damages to Plaintiff and Plaintiffs.

**COUNT I**
**Fair Labor Standards Act ("FLSA")**
**(Failure to pay Overtime Compensation)**
**(Plaintiff and Plaintiffs v. Defendants)**

56.     The foregoing paragraphs are incorporated herein as if set forth in full.

57.     At all times relevant herein, Defendants have and continue to be employers within the meaning of the FLSA.

58.     At all times relevant herein, Defendants were responsible for paying wages to Plaintiff and Plaintiffs.

59.     At all times relevant herein, Plaintiff and Plaintiffs were employed with Defendants as "employees" within the meaning of the FLSA.

60.     Under the FLSA, an employer must pay an employee at least one and one half times his or her base rate for each hour worked in excess of forty hours per workweek.

61.     Defendants' violations of the FLSA include, but are not limited to:

a.      Not paying Plaintiff and Plaintiffs at least 1.5 times their base rate as explained *supra*.

b.      Not paying Plaintiff and Plaintiffs any overtime pay for overtime hours worked by Plaintiffs while at the Reporting Location or while walking to the Job Site.

62.     Defendants' conduct in failing to pay Plaintiff and Plaintiffs properly was and is willful and was and is not based upon any reasonable interpretation of the law.

63.     As a result of Defendants' unlawful conduct, Plaintiff and Plaintiffs have suffered damages as set forth herein.

**COUNT II**
**New Jersey Wage and Hour Law and New Jersey Wage Payment Law**
**(Failure to pay Overtime Compensation)**
**(Plaintiff and New Jersey Plaintiffs v. Defendants)**

64.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

65.     Defendants' violated New Jersey Wage Laws by:

a.      Not paying Plaintiff and New Jersey Plaintiffs at least 1.5 times their base rate as explained *supra*.

b.      Not paying Plaintiff and New Jersey Plaintiffs any overtime pay for overtime hours worked by Plaintiff and New Jersey Plaintiffs while at the Reporting Location or while walking to the Job Site as explained *supra*.

66.     As a result of Defendants' unlawful conduct, Plaintiff and New Jersey Plaintiffs have suffered damages as set forth herein.

**COUNT III**
**New Jersey Wage and Hour Law and New Jersey Wage Payment Law**
**(Failure to pay wages)**
**(Plaintiff and New Jersey Plaintiffs v. Defendants)**

67.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

68.     Defendants' violated New Jersey Wage Laws by not paying Plaintiff and New Jersey Plaintiffs at all for time worked as explained *supra*.

69.     As a result of Defendants' unlawful conduct, Plaintiff and New Jersey Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Plaintiffs prays that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain their illegal policy, practice or customs in violation of federal and state wage and hour laws;

(2) Defendants are to compensate, reimburse, and make Plaintiff and Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings.  Plaintiff and Plaintiffs should be accorded those benefits illegally withheld.

(3) Plaintiff and Plaintiffs are to be awarded liquidated damages as applicable under the laws they are suing under in an amount equal to the actual damages in this case;

(4) Plaintiff and Plaintiffs are to be awarded the costs and expenses of this action and

reasonable legal fees as provided by applicable federal and state law.


Respectfully Submitted,

*/s/ Justin L. Swidler*
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: February 3, 2011