**LITTLER MENDELSON**
A Professional Corporation
Three Parkway, Suite 1400
1601 Cherry Street
Philadelphia, Pa 19102
267-402-3000
Attorneys for Defendant
Gerdau Ameristeel Corp.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHARLES MURRAY, on behalf of himself and all others similarly situated, | : : : | Civil Action No.: 3:11-cv-00647 (FLW)(LHG) |
| Plaintiff, | : : : | |
| vs. | : : | **(VIA ECF)** |
| GERDAU AMERISTEEL CORP. and JOHN DOES 1-10, | : : : | |
| Defendants. | : : | |

---

## GERDAU'S BRIEF IN SUPPORT OF ITS
## MOTION TO DISMISS OR, IN THE ALTERNATIVE,
## STRIKE PORTIONS OF THE COMPLAINT

---

On the Brief:

Michele H. Malloy, Esquire
William Simmons, Esquire

TABLE OF CONTENTS

PAGE

I.    LEGAL STANDARDS APPLICABLE TO MOTION TO DISMISS ...............................2

    A.    Dismissal of the Class Action Allegations Is Appropriate because They Are  Inherently Incompatible with the FLSA Collective Action Procedures.........3

    B.    The Court Should Decline to Exercise Supplemental Jurisdiction Over the State Law Class Action Claims. ..............................................................................6

    C.    Dismissal of the Class Allegations Is Appropriate because Mr. Murray Has  Not Met the Requirements of Rule 23.........................................................10

        1.    Joinder Is Practicable. ..............................................................................10

        2.    The FLSA Collective Action Mechanism is Superior to the Class Action Scheme ..........................................................................................12

# TABLE OF AUTHORITIES

**Page**

## CASES

*Andrews v. Bechtel Power Corp.*, 780 F. 2d 124, 131-32 (1st Cir. 1985) ..................................11

*Aquilino v. Home Depot U.S.A., Inc.*, No. 04-cv-4100 (PGS), 2006 U.S. Dist. LEXIS 48554 (D.N.J. July 18, 2006) ...............................................................................4, 9

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) .............................................................2

*Barnello v. AGC Chemicals Americas, Inc.*, Civ A. No. 08-cv-03505, 2009 U.S. Dist. LEXIS 6410 (D.N.J. Jan. 29, 2009) ...........................................................................8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ...........................................2

*Burkhart-Deal v. CitiFinancial, Inc* ...............................................................................5

*Cameron-Grant v. Maxim Healthcare Servs., Inc.,* 347 F.3d 1240, 1248 (11th Cir. 2003) ...........................................................................................................................3

*Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 n.3 (D.N.J. 2003) .............................2

*De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3d Cir. 2003) ..............................6, 7, 8, 9

*Dinardo v. Ned Stevens Gutter Cleaning & Installation, Inc.*, Civ. A. No. 07-5529, 2008 U.S. Dist. LEXIS 14946 (D. N. J. Feb. 28, 2008) ......................................6

*Evancho v. Sanofi-Aventis U.S. Inc., et al.,* 2007 U.S. Dist. LEXIS 93215 (December 19, 2007) ...................................................................................................4

*Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1037 (8th Cir. 1999) .....................7

*Foster v. Food Emporium*, 2000 U.S. Dist. LEXIS 6053, *8-9 (S.D.N.Y. Apr. 26, 2000) ........................................................................................................................7

*Freeman v. Hoffman-LaRoche*, Civ. A. No. 07-1503, 2007 U.S. Dist. LEXIS 92589 (D.N.J. Dec. 14, 2007) ..................................................................................6

*Herring v. Hewitt Assoc., Inc.,* No. 06-267 (GEB), 2006 U.S. Dist. LEXIS 56189 (D.N.J. Aug. 11, 2006) .....................................................................................4, 5

*Himmelman v. Cont'l Cas. Co.,* No. 06-166 (GEB), U.S. Dist. LEXIS 56187 (D.N.J. Aug. 11, 2006). ...........................................................................................3, 4, 5

*Hyman v. WM Financial Services, Inc.,* 2007 U.S. Dist. LEXIS 41433 (D.N.J. June 7, 2007) .........................................................................................................3, 4, 8

*Kennilworth Partners L.P v. Cedant Corp.*, 59 F. Supp. 2d 417, 422 (D.N.J. 1999) .................2

*Leuthold v. Destination America, Inc.,* 224 F.R.D. 462, 470 (N.D. Cal. 2004) ...............9

*Moeck v. Gray Supply Corp.*, No. 03-1950 (WGB), 2006 U.S. Dist. LEXIS 511 (D.N.J. Jan. 5, 2006) ..................................................................................................4

*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) .............................2

*Muecke v. A-Reliable Auto parts & Wreckers, Inc.,* Civ. A. No. 01 C 2361, 2002 U.S. Dist. LEXIS 11917m at *2 (N. D. Ill. June 25, 2002) ......................................12

*Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ...............................................................2

*Perry v. Freedom Mortgage Corp.*, Civ. A. No. 09-856, 2009 U.S. Dist. LEXIS 46108 (D.N.J. June 1, 2009) ...................................................................................6

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Potchin v. Prudential Home Mortgage Co.*, 1999 U.S. Dist. LEXIS 22480
(E.D.N.Y. Nov. 12, 1999)...................................................................................7

*Robinson v. Sizes Unlimited, Inc.*, 685 F. Supp. 442, 446 (D. N. J. 1988).....................13

*Roe-Midgett v. CC Servs., Inc.*, No. 04-CV-4051-DRH, 2006 U.S. Dist. LEXIS
96978 (S.D. Ill. Mar. 16, 2006) ....................................................................7, 8

*Rowe v. Morgan Stanley Dean Witter*, 191 F.R.D. 398, 406 n.14 (D.N.J. 1999) .........................2

*Thiebes v. Wal-Mart Stores, Inc.*, Civ. A. No. 98-802-KI, 2002 U.S. Dist. LEXIS
664, ay *7-8 (D. Or. Jan. 9, 2002) .............................................................11

*Woodard v. FedEx Freight East, Inc.*, 2008 U.S. Dist. LEXIS 11919, *10-14
(M.D.Pa. Feb. 19, 2008) ...............................................................................5

### STATE STATUTES

28 U.S.C. § 1331....................................................................................................6
28 U.S.C. § 1367....................................................................................................6
29 U.S.C. § 216(b)...................................................................................................3
N.J. Stat. Ann. §§ 34:11-56a *et seq.* ......................................................................1

### MISCELLANEOUS

*Remarks of Senator Donnell, 93 Congress. Rec. 2182*......................................................3
1 A. Conte & H. *Newborg on Class Actions* § 3.06 (4th ed. 2002)................................10

## PRELIMINARY STATEMENT

On February 4, 2011, Plaintiff Charles Murray ("Mr. Murray") filed this collective and class action against his former employer, Gerdau Ameristeel Corp. ("Gerdau" or "Defendant"). In his Complaint, Mr. Murray pursues claims for alleged unpaid wages under the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law, N.J. Stat. Ann. §§ 34:11-56a *et seq.* ("NJWHL"). Specifically, under the FLSA, Mr. Murray seeks damages for an alleged failure to pay the proper overtime rate, failure to pay for time spent donning and doffing safety-related clothing, and the failure to pay for time spent walking to and from the jobsite after donning and doffing the safety-related clothing. (*See* Complaint, ¶ 61). Mr. Murray seeks to pursue his FLSA claim on a collective basis under Section 216(b) of the FLSA. (Complaint, Count I). Mr. Murray asserts an identical claim under the NJWHL. (*See* Complaint, ¶ 65, 68). Mr. Murray seeks to pursue this claim on a class action basis under Fed. R. Civ P. 23. (Complaint, Counts II and III).

This Court should not permit Mr. Murray to litigate side-by-side a collective action and a class action involving identical claims. Mr. Murray's state law class action claims are not only incompatible with the FLSA collective action claim, but a state law class action would predominate over a FLSA collective action. Accordingly, this Court should not exercise supplemental jurisdiction over the state law class action, but instead dismiss Mr. Murray's state law class action allegations (Counts I and II) and permit Mr. Murray, and any other plaintiff who opts to join this litigation, to assert his/her individual NJWHL claim. By requiring Mr. Murray to proceed in this manner, the Court will honor the Congressional intent underlying the opt-in process, ensure the efficient management of the collective action process, prevent duplicative and costly litigation and safeguard the rights of both Gerdau and Plaintiff.

## LEGAL ARGUMENT

### I.  LEGAL STANDARDS APPLICABLE TO MOTION TO DISMISS

Rule 12(b)(6) authorizes this Court to dismiss a complaint for failure to state a claim "where it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations."  Under Rule 12(b)(6), the Court should grant a motion to dismiss if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face."  Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although the Court is required to "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom," (*Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)), it need not "accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations."  *Kennilworth Partners L.P v. Cedant Corp.*, 59 F. Supp. 2d 417, 422 (D.N.J. 1999).

The Court should grant a defendant's motion to dismiss for failure to state a claim if "it appears to a certainty that no relief could be granted under any set of facts which could be proved."  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)(internal quotations omitted).  The fact that Gerdau seeks to dismiss Mr. Murray's class action allegations does not alter the Court's analysis.  Where it is clear from the complaint that a plaintiff cannot proceed on a class action basis, it is appropriate to dismiss/strike the class action allegations.  *See Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 n.3 (D.N.J. 2003); *Rowe v. Morgan Stanley Dean Witter*, 191 F.R.D. 398, 406 n.14 (D.N.J. 1999).  Applying these principles to Mr. Murray's Complaint demonstrates that dismissal of the class allegations set forth in Counts II and III is warranted.

**A.      Dismissal of the Class Action Allegations Is Appropriate because They Are Inherently Incompatible with the FLSA Collective Action Procedures.**

Mr. Murray's pursuit of a collective action under Section 216(b) and a class action under Rule 23 cannot be reconciled. Accordingly, the Court should dismiss the Rule 23 class allegations or, in the alternative, references to class actions should be struck from the Complaint.

Actions under section 216(b) of the FLSA proceed in a manner fundamentally irreconcilable with Rule 23 class actions. The collective action statutory scheme of Section 216(b) establishes an "opt-in" system and states that no employee "shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which the action is brought." *See* 29 U.S.C. § 216(b). This use of language was a deliberate act by Congress to ban representative actions under the FLSA. *See remarks of Senator Donnell, 93 Cong. Rec. 2182*. In direct contrast to Section 216(b), Rule 23 class actions operate as an "opt-out" scheme in which prospective class members are included within the action unless they expressly opt out. *See Himmelman v. Cont'l Cas. Co.,* No. 06-166 (GEB), U.S. Dist. LEXIS 56187 (D.N.J. Aug. 11, 2006). Thus, the opt-in language of the FLSA was designed to prohibit precisely what is advanced under Rule 23—representative actions. *See Cameron-Grant v. Maxim Healthcare Servs., Inc.,* 347 F.3d 1240, 1248 (11th Cir. 2003)(explaining that Congress intended the opt-in procedure of Section 216(b) to "prohibit what precisely is advanced under FRCP 23 – a representative plaintiff filing an action that potentially may generate liability in favor of uninvolved class members.").

District of New Jersey decisions widely recognize the fundamental incompatibility between Rule 23 class actions and Section 216(b) collective actions. *See e.g., Hyman v. WM Financial Services, Inc.,* 2007 U.S. Dist. LEXIS 41433 (D.N.J. June 7, 2007)(dismissing state law class allegations as incompatible and declining to exercise

supplemental jurisdiction); *Evancho v. Sanofi-Aventis U.S. Inc., et al.,* 2007 U.S. Dist. LEXIS 93215 (December 19, 2007) (striking state-law class allegations even if jurisdiction exists because plaintiffs cannot simultaneously bring a Rule 23 state-law class action and an FLSA collective action for overtime compensation); *Herring v. Hewitt Assoc., Inc.,* No. 06-267 (GEB), 2006 U.S. Dist. LEXIS 56189 (D.N.J. Aug. 11, 2006)(dismissing state law class action allegations as legally incompatible with FLSA Section 216(b)); *Himmelman,* 2006 U.S. Dist LEXIS 56187 (same); *Aquilino v. Home Depot U.S.A., Inc.,* No. 04-cv-4100 (PGS), 2006 U.S. Dist. LEXIS 48554 (D.N.J. July 18, 2006) (noting "The Congressional intent for an opt-in procedure pursuant to FLSA . . . 'would largely be thwarted if a plaintiff were permitted to back door the shoe horning in of unnamed parties'"); *Moeck v. Gray Supply Corp.*, No. 03-1950 (WGB), 2006 U.S. Dist. LEXIS 511 (D.N.J. Jan. 5, 2006) (observing that "Allowing Plaintiff . . . to circumvent the opt-in requirement . . . would undermine Congress's intent to limit these types of claims to collective actions").

       In *Hyman,* 2007 U.S. Dist. LEXIS 41433, at *5, the Court described the FLSA's opt-in requirement as being fundamentally different to class actions governed by Rule 23. Similarly, in *Moeck*, 2006 U.S. Dist. LEXIS 511, the court resolved the inherent conflict between these two schemes, explaining that Congress created the opt-in procedure for collective actions to limit "private FLSA plaintiffs to [those particular] employees who asserted claims in their own right and freeing employers from the burden of representative actions." *Id*. at *15. Thus, allowing plaintiffs "to circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA . . . undermine[s] Congress's intent to limit these types of claims to collective actions." *Id*. at 15-16. Based upon the legislative history and language of these two provisions embodied in Rule 23 and Section 216(b), the court dismissed the state class action allegations. *Id*.

In two post-*Moeck,* cases involving collective and class action claims, Chief Judge Brown of the District of New Jersey dismissed the state law class action claims, on pre-answer motions to dismiss or strike. *See Himmelman*, 2006 U.S. Dist. LEXIS 56187; *Herring*, 2006 U.S. Dist. LEXIS 56189. The plaintiffs in *Himmelman* and *Herring* alleged that their employer violated state and federal wage and hour laws and pursued a collective action under the FLSA and a class action under the NJWHL. The court found that, based upon *Moeck*'s reasoning, dismissal of the class action allegations was appropriate prior to pre-trial factual discovery or class certification. *Himmelman*, 2006 U.S. Dist. LEXIS 56187 at *6; *Herring*, U.S. Dist. LEXIS 56189 at, *6.

Other courts in the Third Circuit have echoed the same concerns with permitting FLSA collective actions and Rule 23 class actions to proceed simultaneously. For example, in *Burkhart-Deal v. CitiFinancial, Inc.*, the court noted that the differences between opt-in and opt-out actions were crucial and that Congress's mandate to use the opt-in method for FLSA collective action was a planned policy decision. Civ. A. No. 7-1747, 2008 U.S. Dist. LEXIS 44469 at *5 (W.D. Pa. June 5, 2008). Thus, to allow the plaintiff to proceed with both a FLSA collective action and a Rule 23 state law class action would not only nullify Congress's mandate, but disregard that crucial policy decision. *Id. See also, Woodard v. FedEx Freight East, Inc.,* 2008 U.S. Dist. LEXIS 11919, *10-14 (M.D.Pa. Feb. 19, 2008) (analyzing incompatibility argument and dismissing Rule 23 allegations).

The above legal authority finding that the class and collective action schemes are inherently incompatible is dispositive and warrants dismissal of the class action allegations. In the alternative, as set forth below, the Court should strike the allegations in the Complaint pertaining to a Rule 23 class action and permit Mr. Murray and any plaintiff who opts into this

Action to pursue his/her individual state law claims.[1]

**B.      The Court Should Decline to Exercise Supplemental Jurisdiction Over the State Law Class Action Claims.**

Even if the Court finds that the irreconcilable difference between class and collective allegations in itself does not warrant dismissal, it nonetheless should refuse to exercise supplemental jurisdiction over Mr. Murray's New Jersey state law class claims.

A district court is empowered to exercise primary original jurisdiction over "all civil actions arising under the . . . laws . . . of the United States," 28 U.S.C. § 1331, and likewise, to exercise supplemental jurisdiction over pendent state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Thus, a district court may adjudicate pendent state law claims only to the extent that they derive from, or are attendant to, federal claims pursued simultaneously by a plaintiff. Conversely, a district court may decline to exercise supplemental jurisdiction when state law claims substantially predominate over federal claims or where compelling reasons exist to justify declining jurisdiction. *See* 28 U.S.C. § 1367(c)(2), (4).

The principles of supplemental jurisdiction effectively divest this Court of jurisdiction to adjudicate the state law claims of the putative plaintiffs who do not "opt in" to the Section 216(b) FLSA collective action. Significantly, Mr. Murray seeks to establish two

---

[1] Mr. Murray no doubt will argue that other courts have refused to dismiss class action claims on the basis of their incompatibility with FLSA collective actions. *See Perry v. Freedom Mortgage Corp.*, Civ. A. No. 09-856, 2009 U.S. Dist. LEXIS 46108 (D.N.J. June 1, 2009); *Dinardo v. Ned Stevens Gutter Cleaning & Installation, Inc.*, Civ. A. No. 07-5529, 2008 U.S. Dist. LEXIS 14946 (D. N. J. Feb. 28, 2008) and *Freeman v. Hoffman-LaRoche*, Civ. A. No. 07-1503, 2007 U.S. Dist. LEXIS 92589 (D.N.J. Dec. 14, 2007). These cases are unpersuasive, however, because they rely on an incorrect interpretation of the Third Circuit's decision in *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3d Cir. 2003). Contrary to these courts' analyses of *De Asencio*, the Third Circuit did not discuss, implicitly or explicitly, the incompatibility of FLSA collective actions and Rule 23 class actions. Rather, the Third Circuit's reasoning was focused on issues of supplemental jurisdiction only.

separate "classes" of litigants: one "opt-in" class pursuing claims under the FLSA and one "opt-out" class pursuing claims under the NJWHL.  By virtue of not affirmatively opting in to the FLSA claim, the putative state law plaintiffs will have abandoned the FLSA claim, and thus, abandoned the only supplemental jurisdiction basis upon which they could pursue their state law claims in this federal Action.  As a result, the state law claims of the opt-out putative plaintiffs will clearly predominate.  *See Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1037 (8th Cir. 1999) ("[t]he claims of the individual members of a permissive class are distinct cases and controversies; each must separately support federal jurisdiction."); *Foster v. Food Emporium*, 2000 U.S. Dist. LEXIS 6053, *8-9 (S.D.N.Y. Apr. 26, 2000) ("It would be improper to bring persons who have no federal claim into this Court under the guise of a collective action so they can pursue state law claims that they can only bring on their own and not collectively"); *Potchin v. Prudential Home Mortgage Co.*, 1999 U.S. Dist. LEXIS 22480 (E.D.N.Y. Nov. 12, 1999) (finding that the Court did not have supplemental jurisdiction over the claims of those with no federal claims).

Even setting aside the absence of a basis for supplemental jurisdiction, the New Jersey class claims should not proceed because they would predominate over the FLSA collective action claims.  "Predomination under section 1367 generally goes to the type of claim, not the number of parties involved.  But the disparity in numbers of similarly situated plaintiffs may be so great that it becomes dispositive by transforming the action to a substantial degree, by causing the federal tail represented by a comparatively small number of plaintiffs to wag what is in substance a state dog."  *See De Asencio*, 342 F.3d 301, 309 (3d Cir. 2003); *Roe-Midgett v. CC Servs., Inc.*, No. 04-CV-4051-DRH, 2006 U.S. Dist. LEXIS 96978 (S.D. Ill. Mar. 16, 2006).

The number of individuals who participate in the Section 216(b) collective action and the Rule 23 class action will also likely result in the state class claims predominating over the Section 216(b) claims. Although some of the putative plaintiffs may participate in both actions, a significant number of putative Rule 23 class action members may not opt into the Section 216(b) FLSA collective action. This likely occurrence only serves to magnify the predominance of state law claims and the improper use of the collective action to shoehorn into federal court state law claims. *See De Asencio*, 342 F.3d at 310 (concluding that "[u]nder most circumstances, the opt-out class will be greater in number, perhaps even exponentially greater" and that "[t]he aggregation of claims, particularly as class actions, profoundly affects the substantive rights of the parties to the litigation"); *Barnello v. AGC Chemicals Americas, Inc.*, Civ A. No. 08-cv-03505, 2009 U.S. Dist. LEXIS 6410 (D.N.J. Jan. 29, 2009)(dismissing state law class action claims on supplemental jurisdiction grounds because allowing plaintiffs to circumvent the FLSA opt-in scheme would defeat Congress's intent to avoid opt-out collective actions); *Hyman*, 2007 U.S. Dist. LEXIS 41433, *18-19 (declining to exercise supplemental jurisdiction over a Rule 23 class action claim for failure to pay overtime for work performed in excess of forty hours per week, where the claim mimics the FLSA claim, because to do so would circumvent the FLSA's opt-in requirement); *Roe-Midgett*, 2006 U.S. Dist. LEXIS 96978 (finding that the Illinois state law claims clearly predominate over the FLSA claims because of the greater number of opt-out plaintiffs who would be seeking relief under state law, as opposed to the opt-in plaintiffs pursuing FLSA remedies).

Here, Mr. Murray alleges identical claims under the FLSA and NJWHL:

Defendants' violation of the FLSA include, but are not limited to:

      a.      No paying Plaintiff and Plaintiffs at least 1.5 times their base rate as explained supra.

      b.      Not paying Plaintiff and Plaintiffs any overtime pay for overtime hours worked by Plaintiffs while at the Reporting

Location or while walking to the Job Site.

Defendants' violated New Jersey Wage laws by:

      a.      No paying Plaintiff and New Jersey Plaintiffs at least 1.5 times their base rate as explained supra.

      b.      Not paying Plaintiff and  New Jersey Plaintiffs any overtime pay for overtime hours worked by Plaintiff and New Jersey Plaintiffs while at the Reporting Location or while walking to the Job Site.

(Complaint, §§ 61, 65).

The only difference between the two claims is that the Second Count relies on the opt-out class action device afforded by Rule 23, which is impermissible when brought along side of an opt-in claim pursuant to the FLSA. *Hyman* at *18. Indeed, the Congressional intent to limit collective actions under the FLSA "would largely be thwarted if a plaintiff were permitted to back door the shoe horning in of unnamed parties' pursuant to an exercise of supplemental jurisdiction." *See Aquilino,* 2006 U.S. Dist. LEXIS 48554, *11 (D.N.J. July 17, 2006) (*quoting Leuthold v. Destination America, Inc.,* 224 F.R.D. 462, 470 (N.D. Cal. 2004) and declining to exercise supplemental jurisdiction.

In *Hyman*, this Court recognized the danger in allowing two identical claims under the FLSA and New Jersey law:

By advancing count two, Plaintiffs are essentially circumventing the FLSA's opt-in requirement. They are forcing WM to defend an overtime action brought in federal court by plaintiffs who may have no real interest in the outcome of the suit. Allowing Plaintiffs to engage in this tactic would defeat Congress's intent in drafting the FLSA's opt-in requirement...As such, the Court feels that it is appropriate to decline the exercise of supplemental jurisdiction over count two.

2007 U.S. Dist. LEXIS 41433, at *18-19 (citations omitted).

In addition to state law claims predominating under these circumstances, the likelihood that separate classes of plaintiffs will emerge because of the opt-in/opt-out dichotomy

constitutes an exceptional circumstance under which the Court should decline to exercise supplemental jurisdiction. With separate classes of plaintiffs, the Court will have to address the multiple permutations of claims for numerous groups. Accordingly, there are compelling reasons to decline exercising supplemental jurisdiction over Mr. Murray's state law class action claims.

### C. Dismissal of the Class Allegations Is Appropriate because Mr. Murray Has Not Met the Requirements of Rule 23.

Mr. Murray's failure to meet the requirements of Rule 23 provides an independent basis for this Court to dismiss the class allegations. Rule 23 dictates that a plaintiff cannot maintain a class action unless he can show, among other things, that (1) the class is so numerous that joinder of all members is impracticable and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *See* Fed. R. Civ. P. 23(a)(1), (b)(3), Here, Mr. Murray cannot demonstrate the existence of either requirement and thus, for this reason alone, dismissal of his class action allegations is appropriate.

#### 1. Joinder Is Practicable.

Mr. Murray's class action allegations fail at the outset because, by virtue of the FLSA notice provisions, and the ability of each alleged aggrieved party to opt-in as a party plaintiff, joinder is practicable. Although Rule 23(a)(1) is frequently referred to as the "numerosity" requirement, the specific language of the Rule makes clear that it is much more than a question of numbers. It is a question of whether all members of the putative class can be joined. To determine this issue, courts examine several factors: (1) judicial economy in avoiding a multiplicity of actions; (2) the geographical proximity of the putative class members; (3) the size of the individual claims; (4) financial resources of the putative class members; (5) the ability of the putative class members to institute suit; and (6) requests for injunctive relief impacting future class members. *See* 1 A. Conte & H. *Newborg on Class Actions* § 3.06 (4th ed. 2002).

Application of these factors to Mr. Murray's class allegations leads to the inescapable conclusion that joinder is practicable.

### a.     The FLSA collective action best serves judicial economy.

Assuming the Court orders collective action treatment under the FLSA, the opt in procedures of Section 216(b) will permit each putative class member to join this Action as a party plaintiff.  Further, each plaintiff seeking to join this Action can do so without obtaining separate counsel, paying court fees, or filing a motion.  Importantly, once a plaintiff joins this Action, he/she can assert his/her own state law claim as the Court will have supplemental jurisdiction as to that claim.  Thus, there will be no need for a multiplicity of lawsuits.  *See, e.g., Thiebes v. Wal-Mart Stores, Inc.*, Civ. A. No. 98-802-KI, 2002 U.S. Dist. LEXIS 664, ay *7-8 (D. Or. Jan. 9, 2002)(refusing to grant Rule 23 certification because the joinder mechanism already underway under the FLSA resulted in a finding that joinder was not impracticable).  Consequently, the FLSA process is persuasive proof that joinder is practicable and efficient.

### b.     All class members are employed at one facility.

Further supporting a finding that joinder is practicable is the fact that the putative class members are all employees at one location of Gerdau and thus can be easily identified and joined as plaintiffs. *See Andrews v. Bechtel Power Corp.*, 780 F. 2d 124, 131-32 (1st Cir. 1985).  In fact, there is no doubt that if the Court orders Notice of the FLSA Action, each of these putative class members will receive such notice and be given the opportunity to join as a party plaintiff and assert a FLSA claim.  There is absolutely no reason that these same plaintiffs cannot join their individual state law claims to that Action.

### c.     The other factors favor joinder.

The remaining factors that this Court is to consider all relate to the ability of individuals to maintain their own action against Gerdau.  These factors, too, favor joinder.  Each plaintiff's state law claim mirrors his/her FLSA claim.  Thus, by joining this case under the opt-in

mechanism of the FLSA, each plaintiff can also assert his/her individual state wage claim. Consequently, no plaintiff will be required to incur financial burden or institute a separate lawsuit to recover his/her alleged unpaid wages. To the contrary, allowing each plaintiff to assert his/her individual state law claim upon joining the collective action ensures that this matter is efficiently and economically managed, avoids duplicitous litigation and safeguards the parties' rights.

> ## 2.    The FLSA Collective Action Mechanism is Superior to the Class Action Scheme.

Not only has Mr. Murray failed to show that joinder is impracticable, but he also cannot demonstrate that the class action device "is superior to other available methods for the fair and efficient adjudication of the controversy" as required by Rule 23(b)(3). The policy underlying the opt-in requirement is to allow each potential plaintiff to affirmatively decide whether he/she desires to pursue a claim for unpaid wages. Thus, if notice issues, those interested in the litigation can opt to join. Conversely, the class action presumes everyone is already interested in the litigation, including those who received, and rejected, notice of the FLSA litigation. Because the FLSA process ensures only those interested in the suit will become a part of it, the FLSA notice and opt-in process is the superior method for resolving Mr. Murray's and any other plaintiff's wage claims. *See Muecke v. A-Reliable Auto parts & Wreckers, Inc.,* Civ. A. No. 01 C 2361, 2002 U.S. Dist. LEXIS 11917m at *2 (N. D. Ill. June 25, 2002)(refusing to certify a class action where the interested parties had already opted in to the FLSA collective action).

In addition to the FLSA's superior inclusion process, the collective action mechanism provides less confusion and more manageability. Under the FLSA, each similarly situated person can join the suit after receiving a notice that fully explains the purpose of the litigation. If a state law class action is allowed to proceed concurrently, any person that may intentionally choose not to join the FLSA Action after receiving notice could nevertheless find himself/herself

embroiled in the litigation anyway. That person will have to affirmatively seek to opt out of the litigation. Such multiple layers of action by individuals with no interest in the litigation will not only cause confusion, but will inevitably result in case management problems. *See, e.g., Robinson v. Sizes Unlimited, Inc.*, 685 F. Supp. 442, 446 (D. N. J. 1988)(noting potential confusion between opt in and opt out notices). And this is only one challenge that will arise if the Court permits a FLSA collective action and a class action to proceed side by side. As the litigation progresses, and individuals asserting FLSA claims are required to participate in discovery, the potential exists that these individuals will dismiss their FLSA claims in favor of proceeding only as class members. The end result once again will be the circumvention of the FLSA collective action to push forward a state law class action.

**CONCLUSION**

For each of the points set forth above, the Court should dismiss the Second and Third Counts of the Complaint, or strike all references to class actions in connection with these claims and allow each plaintiff who opts to join this action assert his/her individual state law claim.

Respectfully submitted,

/s/ *Michele H. Malloy*
Michele H. Malloy (PA 88456)
LITTLER MENDELSON, P.C.
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
Tel. (267) 402.3000
Fax. (267) 402.3131

Attorneys for Defendant
Gerdau Ameristeel Corp.

Date: April 25, 2011