**LITTLER MENDELSON**
A Professional Corporation
Three Parkway, Suite 1400
1601 Cherry Street
Philadelphia, Pa 19102
267-402-3000
Attorneys for Defendant
Gerdau Ameristeel US Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES MURRAY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GERDAU AMERISTEEL CORP. and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No.:<br>3:11-cv-00647 (FLW)(LHG)<br><br>(VIA ECF)<br><br>MOTION DATE: JUNE 20, 2011 |

**GERDAU'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
STRIKE PORTIONS OF THE COMPLAINT**

On the Brief:

Michele H. Malloy, Esquire
William Simmons, Esquire

Attorneys for Defendant
Date: June 6, 2011

## TABLE OF CONTENTS

PAGE

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................... 2

    A. Courts Routinely Dismiss Class Action Allegations on the Grounds of Inherent Incompatibility ..................................................................................... 2

    B. The Court Should Decline to Exercise Supplemental Jurisdiction Over the State Law Class Action Claims ............................................................................. 4

    C. Mr. Murray Cannot Meet the Requirements of Rule 23 ........................................ 6

        1. Joinder is practicable ................................................................................. 6

        2. The FLSA collective action is superior to the class action ....................... 7

    D. Mr. Murray's Argument that the Court has Original Jurisdiction under the Class Action Fairness Act Is Unsupported .......................................................... 7

III. CONCLUSION ................................................................................................................ 8

# TABLE OF AUTHORITIES

PAGE

## CASES

*De Asencio v. Tyson Foods, Inc.*, 342 F. 3d 301 (3d Cir. 2003) .................................................. 3

*Ellis v. Edward D. Jones & Co.*, ................................................................................................. 2

*Exxon Mobile Corp. v. Allapattah Services Inc.*, 545 U.S. 546, 560-561 (2005) ......................... 4

*Fisher v. Rite Aid Corp.*, No. 10-cv-1865, 2011 U.S. Dist. LEXIS 15375, at \*\*12-13 (M.D. Pa. Feb. 16, 2011) ............................................................................................... 2

*Herring v. Hewitt Assocs.*, No. 06-267, 2006 U.S. Dist. LEXIS 56189, at \*\*6-7 (D.N.J. Aug. 11, 2006) ........................................................................................................ 2

*Otto v. Pocono Health Sys.*, 457 F. Supp. 2d 522, 524 n.1 (M.D. Pa. 2006) ................................ 3

*Pereira v. Foot Locker, Inc.*, 261 F.R.D. 60, 71 (E.D. Pa. 2009) .................................................. 2

*Woodard v. FedEx Freight E., Inc.*, 250 F.R.D. 178, 182-83 (M.D. Pa. 2008) ............................. 2

## RULES

Fed. R. Civ. P. 23(a)(1) and (b)(3) ................................................................................................. 6

Defendant Gerdau Ameristeel US Inc. ("Gerdau") submits this Reply in further support of its Motion to Dismiss or, in the Alternative, Strike Portions of the Complaint of Plaintiff Charles Murray ("Mr. Murray").

## I.   INTRODUCTION

In response to Mr. Murray's Complaint alleging a collective action under the Fair Labor Standards Act ("FLSA") and a class action under the New Jersey Wage and Hour Law ("NJWHL"), Gerdau filed a Motion requesting that the Court dismiss or strike the class action allegations and allow Mr. Murray and each opt-in plaintiff to assert an individual NJWHL claim.  Gerdau provided this Court several reasons for why it should dismiss the class action allegations, including that the FLSA opt-in requirement and the NJWHL opt-out provisions are irreconcilable, that the Court need not retain supplemental jurisdiction over the NJWHL class action claims and that Mr. Murray failed to meet the requirements of a class action under Rule 23 of the Federal Rules of Civil Procedure.

In opposing Gerdau's Motion, Mr. Murray provides this Court with no valid reason why it should not dismiss the class action allegations.  In fact, Mr. Murray's opposition explains exactly why the Court should grant Gerdau's Motion.  Mr. Murray admits that the NJWHL provides him no further relief than what he is entitled to receive under the FLSA.  (*See* Pl's Brief, D.E. 8, pp. 7, 13).  Thus, the only benefit Mr. Murray will gain by pursuing the class action is the avoidance of the FLSA's opt-in process and the inclusion of a potentially greater number of claimants.  It is this concern—that the state law class action will be used as an end-run around the opt-in process—which has prompted several courts in this jurisdiction and other jurisdictions to find that the opt-in and opt-out schemes are inherently incompatible.  This same concern has persuaded other courts to decline to exercise supplemental jurisdiction over such state law class action

claims. The reasoning of those courts who have refused to allow plaintiffs to litigate together wage and hour claims under the competing processes of the FLSA collective action and the Rule 23 class action offers sound guidance for dismissing Mr. Murray's class action allegations.

## II. ARGUMENT

### A. Courts Routinely Dismiss Class Action Allegations on the Grounds of Inherent Incompatibility.

In arguing that the doctrine of "inherent incompatibility" is a legal fiction, Mr. Murray glosses over the numerous decisions which have relied upon the irreconcilable differences between opt-in collective actions and opt-out class actions to dismiss state law class action claims. *See, e.g., Fisher v. Rite Aid Corp.*, No. 10-cv-1865, 2011 U.S. Dist. LEXIS 15375, at **12-13 (M.D. Pa. Feb. 16, 2011) (explaining that, "This Court . . . agreed with the various sister courts and other Circuits that have held that a Section 216(b) collective action and a Rule 23 class action are "inherently incompatible", and extending doctrine to even separately filed actions); *Herring v. Hewitt Assocs.*, No. 06-267, 2006 U.S. Dist. LEXIS 56189, at **6-7 (D.N.J. Aug. 11, 2006) (striking plaintiff's class action allegations as a matter of law, holding that allowing plaintiffs to circumvent the opt-in requirement by calling upon state statutes similar to the FLSA would undermine Congressional intent to limit those type of claims to collective actions); *Pereira v. Foot Locker, Inc.*, 261 F.R.D. 60, 71 (E.D. Pa. 2009) (same, holding that "Plaintiff's state law claims cannot proceed in so far as they overlap with their FLSA claims"); *Woodard v. FedEx Freight E., Inc.*, 250 F.R.D. 178, 182-83 (M.D. Pa. 2008) (finding that it could not exercise jurisdiction over federal and state claims due to inherent incompatibility in opt-in and opt-out classes); *Ellis v. Edward D. Jones & Co.*,

527 F. Supp. 2d 439, 448 (W.D. Pa. 2007) (finding that the class procedures set out in the FLSA were incompatible with the procedures in Fed. R. Civ. P. 23); *Otto v. Pocono Health Sys.*, 457 F. Supp. 2d 522, 524 n.1 (M.D. Pa. 2006) (holding that overlapping federal and state claims would defeat Congressional intent).

Indeed, Mr. Murray seeks to distract the Court from these reasoned decisions by relying upon a handful of cases, which he dubs "a recent trend", refusing to dismiss class action allegations on inherent incompatibility alone. Notably, a number of the cases upon which Mr. Murray cites relied upon a misinterpretation of the Third Circuit's decision in *De Asencio v. Tyson Foods, Inc.*, 342 F. 3d 301 (3d Cir. 2003). Nowhere in *De Asencio* did the Third Circuit hold that inherent incompatibility was not a viable basis to dismiss class action allegations. Rather, *De Asencio* was limited to the issue of whether the district court properly exercised supplemental jurisdiction over the state law class action claims. Consequently, the Third Circuit addressed only issues of supplemental jurisdiction. To the extent that Mr. Murray's arguments rely on incorrect readings of *De Asencio*, they are unpersuasive.

As an alternative argument, Mr. Murray points to the unremarkable proposition that the FLSA does not preempt the NJWHL. He then extrapolates that because the FLSA does not preempt the NJWHL, any attempt to restrict him from representing unnamed individuals would somehow interfere with his state law rights. Mr. Murray misses the point. Gerdau is not seeking to prevent Mr. Murray or any opt-in plaintiff from attaching his/her state law claim to his/her individual FLSA claim. Rather, Gerdau requests that the Court not allow unnamed parties, with no federal claims of their own, to litigate their state law claims in this Action. Thus, Gerdau's Motion does not seek to restrict the state law rights of any opt-in plaintiff, including Mr. Murray. It simply

3

requests the Court require Mr. Murray and any other opt-in plaintiff to assert such claims individually.

### B. The Court Should Decline to Exercise Supplemental Jurisdiction Over the State Law Class Action Claims.

Recognizing that a number of courts have refused to exercise supplemental jurisdiction in situations analogous to the present matter, Mr. Murray argues that this Court should not follow those courts because there exists no exceptional circumstances that warrant such action. Mr. Murray is mistaken. A number of courts, including the Third Circuit, have refused to exercise supplemental jurisdiction under facts almost identical to those Mr. Murray presents.

As an initial matter, the United States Supreme Court's decision in *Exxon Mobile Corp. v. Allapattah Services Inc.*, 545 U.S. 546, 560-561 (2005) is distinguishable. In *Exxon*, the Supreme Court determined the narrow issue of whether, under diversity jurisdiction, each diverse party must meet the $75,000 threshold to maintain his/her claim. *Id.* at 558. The Supreme Court found that each party did not have to establish an individual basis for diversity jurisdiction. This was because the parties' claims were supplemental to the named plaintiff's claim, which was properly within the court's original jurisdiction on the basis of diversity. *Id.* at 567.

Mr. Murray's Action presents an entirely different set of facts. First, this is not a case pending on diversity jurisdiction. Mr. Murray's FLSA claim grants this Court federal question jurisdiction. Second, Mr. Murray's NJWHL claim, the only claim upon which the putative class members can attach their state law claims, is not within the Court's original jurisdiction. Thus, in effect, Mr. Murray seeks to attach additional, non-federal claims, to a claim before this Court on supplemental jurisdiction only. For these

4

reasons, *Exxon* is not binding and does not foreclose a finding that those individuals who do not opt-in to the federal suit are not able to assert supplemental jurisdiction for their state law claims.

Even if this Court were to conclude that it could exercise supplemental jurisdiction over putative class members' state law claims, that does equate to a determination that it should do so. Gerdau has presented this Court with compelling reasons why it should not allow the FLSA opt-in collective action and the opt-out NJWHL class action to proceed simultaneously, including: (1) the size of the class action will result in the state law claims predominating over the FLSA claims, (2) the multiple notices with the same caption regarding opting in to one claim and opting out of another claim will generate confusion; and (3) allowing individuals to join this case outside the opt-in process will undermine the FLSA's intent to prevent representative actions.

In contrast, the only purpose Mr. Murray can identify for permitting his federal and states claims to proceed together is the alleged need to uphold individuals' rights under the NJWHL, and supposedly advance the values of economy, convenience, fairness and comity. (*See* Pl's Brief, p. 16). Mr. Murray goes so far as to suggest that failure to exercise supplemental jurisdiction over the class action will result in either Mr. Murray filing a separate action, alleging his NJWHL on a class action basis, or potentially "hundred of individual suits". (*See* Pl's Brief, p. 17). A close review of Mr. Murray's argument shows that Mr. Murray fails to account for the fact that a separate class action is not inevitable. Gerdau is not requesting that the Court dismiss Mr. Murray's individual NJWHL claim. Gerdau is requesting that the Court dismiss the class action allegations and allow Mr. Murray and each opt-in plaintiff to assert his/her individual state law claims. Thus, granting Gerdau's Motion will result in the vindication of rights under

5

federal and state law and ensure that most effective way to achieve the policies underlying **both** the FLSA and the NJWHL.  Accordingly, Gerdau has presented this Court with convincing reasons to deny supplemental jurisdiction over Mr. Murray's class action allegations, which reasons effectively dispose of any concerns of duplicate litigation.

### C. Mr. Murray Cannot Meet the Requirements of Rule 23.

Equally without merit are Mr. Murray's arguments that he can meet the requirements of Rule 23.  As Gerdau explained in its initial Motion, the Court should dismiss Mr. Murray's class action allegations because Mr. Murray cannot establish two essential elements of a Rule 23 class action: (1) that joinder is impracticable and (2) that the class action device is superior to other available methods of adjudicating the present controversy.  *See* Fed. R. Civ. P. 23(a)(1) and (b)(3).  Rather than rebut Gerdau's arguments, Mr. Murray simply asserts that Gerdau is restating its inherent incompatibility arguments.  (*See* Pl's Brief, p. 20).  Mr. Murray again is incorrect.  Issues of joinder and superiority are necessary elements of a Rule 23 class action; if these requirements are not met, a class action cannot proceed.  Thus, Gerdau's arguments are not merely a "repackaging" of its inherent incompatibility argument, but separate and appropriate grounds for dismissal of the class action allegations.

#### 1. Joinder is practicable.

Mr. Murray avoids the question of whether joinder is practicable.  He instead focuses on whether individuals who do not opt-in to the FLSA collective action can be joined.  Notably absent from Mr. Murray's argument, however, is any reason why these individuals could not exercise their rights under the FLSA after receiving court supervised notice.  Indeed, as Mr. Murray's Complaint details, each member of the class

6

worked at one location of Gerdau and their identities can be ascertained through Gerdau's records. (*See* Complaint, ¶ 46, 65). Thus, joinder is practicable for every person who could be a putative class member. In fact, rather than address why joinder is not practicable for putative class members, Mr. Murray focuses on the potential number of class members and does nothing more than point to the dozens of employees he believes are within the class. Mr. Murray's failure to address why joinder would not be practicable for these dozens of employees, particularly where he is seeking to join these same employees in the FLSA collective action is convincing reason for this Court to find that Rule 23's requirements cannot be established.[1]

### 2. The FLSA collective action is superior to the class action.

Mr. Murray also fails to counter Gerdau's argument that the FLSA collective action process is superior to the class action mechanism because it ensures that every individual who joins this Action knows what claims they are asserting and affirmatively seeks to pursue those claims. Rather than address Gerdau's arguments regarding the superiority requirement, Mr. Murray distracts the Court with a discussion of whether individual issues would predominate among class members and assumes that they would not.[2] Setting aside Mr. Murray's assumptions, it is notable that predominance is a separate inquiry from superiority and the two cannot be melded together. By focusing only on predominance, Mr. Murray has failed to rebut Gerdau's arguments that the FLSA

---

[1] Mr. Murray's argument that discovery is necessary on class size provides him no relief. The question of joinder is not based solely on numbers. It is a question of whether all potential claimants can be joined together. Because the claimants at issue here can be joined together, as confirmed by the FLSA notice and opt-in provisions, discovery is not necessary on issues of joinder. For this reason, the Court should reject Mr. Murray's argument that Gerdau's Motion is premature.

[2] The issue of predominace is an argument that Defendants may revisit, if necessary, at a later proceeding.

7

Case 3:11-cv-00647-LHG   Document 12   Filed 06/06/11   Page 11 of 13 PageID: 87

collective action process, where each opt-in plaintiff can assert his/her individual state law claims, is superior to a class action where individuals' wage claims are litigated without their knowledge or consent.  Thus, as a matter of law, Mr. Murray cannot establish the superiority requirement of Rule 23.

> D. **Mr. Murray's Argument that the Court has Original Jurisdiction under the Class Action Fairness Act Is Unsupported.**

In a final attempt to avoid dismissal of his state law class action claims, Mr. Murray improperly asserts that the Court should deny Gerdau's Motion because it "likely possess" original jurisdiction over the NJWHL class action claims under the Class Action Fairness Act ("CAFA").  In making this argument, Mr. Murray asks the Court to disregard his Complaint allegations and instead join in his speculation that the alleged class has at least 100 members and that each of these supposed 100 class members has damages that average $40,000.  (*See* Pl's Brief, pp. 23-24).  The Court should not accept such unsupported speculation.  If Mr. Murray truly believed he had CAFA jurisdiction, he could have asserted this jurisdictional basis in his Complaint.  There is no reason for the Court to entertain a basis for jurisdiction that is non-existent on the face of the Complaint.

III.  CONCLUSION

For the reasons stated above, as well as those detailed in its Brief in Support of Motion to Dismiss or, in the Alternative, to Strike Portions of the Complaint, the Court should grant Gerdau's Motion.

                                      Respectfully submitted,

                                      /s/ *Michele H. Malloy*
                                      Michele H. Malloy, Esquire
                                      William Simmons, Esquire
                                      LITTLER MENDELSON, P.C.
                                      1601 Cherry Street, Suite 1400
                                      Philadelphia, PA  19102.1321
                                      Tel. (267) 402.3000
                                      Fax. (267) 402.3131
                                      Attorneys for Defendant
                                      Gerdau Ameristeel US, Inc.

June 6, 2011

**CERTIFICATE OF SERVICE**

I, Michele H. Malloy, hereby certify that I caused a true and correct copy of Defendant's Reply Brief in Support of Motion to Dismiss or, in the Alternative, Strike Portions of the Complaint and Proposed Order, via electronic filing on June 6, 2011, upon the following:

Richard S. Swartz
Justin L. Swidler
Joshua S. Boyette
Swartz Swidler, LLC
1878 Marlton Pike East, Suite 10
Cherry Hill, New Jersey 08003

/s/  Michele H. Malloy

June 6, 2011

i