**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHARLES MURRAY, *et. al.,* on behalf of themselves and all those similarly situtated <br><br> Plaintiff, <br><br> v. <br><br> GERDAU AMERISTEEL CORP. And JOHN DOES 1-10 <br><br> Defendants | No. 3:11-cv-00647 <br><br> Judge Garrett E. Brown |

**ORDER**

IT IS, on this _____ day of _____ , 2011, hereby ORDERED that Plaintiff Murray's Amended Complaint, which was filed with this Court on June 17, 2011, shall be deemed to have been filed at that time with leave of Court.

 

 

                                                                                      The Honorable Garrett E. Brown, USDJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES MURRAY, *et al.,* on behalf of themselves and all those similarly situtated<br><br>Plaintiffs,<br><br>v.<br><br>GERDAU AMERISTEEL CORP. And JOHN DOES 1-10<br><br>Defendants | No. 3:11-cv-00647<br><br>Judge Garrett E. Brown |

**PLAINTIFF'S MOTION TO AMEND COMPLAINT**

I, Justin L. Swidler, hereby certify as follows in support of Plaintiff's motion to Amend the Complaint.

1. I am lead counsel for Plaintiffs in the above referenced matters and am fully familiar with the facts herein.

2. On February 3, 2011, Plaintiff Murray filed the instant action on behalf of himself and those similarly situated asserting wage violations of Defendants.

3. Plaintiff Murray was employed at Defendants' Sayreville, NJ facility.

4. Plaintiff Murray asserts that Defendants violated the law by not paying him or similarly situated employees for time spent donning and doffing safety equipment.

5. He further asserts Defendants violated the law by using an improper formula to determine his overtime pay.

6. Plaintiff Murray claims violations of New Jersey (New Jersey Wage and Hour Law and New Jersey Wage Payment Law) and federal wage laws (Fair Labor Standards Act).

He seeks a Rule 23 Class Action for violations of the New Jersey Wage laws and seeks FLSA Collective Action Status for violations of the FLSA.

7. On April 25, 2011, Defendants filed a Rule 12 motion to dismiss the Rule 23 Class Action allegations stemming from New Jersey wage law violations.

8. Plaintiff Murray filed his opposition to Defendants' motion on May 23, 2011.

9. Defendants filed their reply brief on June 6, 2011.

10. Within 21 days of the reply brief being filed, additional Plaintiffs contacted undersigned counsel and stated that they believed that the violations which were occurring in Sayreville were occurring at their location as well (in St. Paul, MN).

11. Consequently, Plaintiff Murray desired to amend his Complaint to better document that the donning and doffing violations were alleged to have occurred in locations other than New Jersey (although Plaintiff Murray asserts that a fair reading of his complaint already alleged such violations).

12. Further, upon discussions with other Plaintiffs in New Jersey, it became clear that the amount in controversy and the number of potential plaintiffs was higher than originally believed. Accordingly, Plaintiff Murray sought to amend his Complaint to add explicit language asserting that the Court had jurisdiction over the state law claims under both the supplemental jurisdiction doctrine *and* under the Class Action Fairness Act of 2005 ("CAFA").

13. No official leave was sought to amend because Plaintiff's counsel believed that, as Plaintiff was filing within 21 days of the reply brief being filed, and as Plaintiff had not previously amended the Complaint, Plaintiff was permitted, as a matter of course, to amend.

14. Accordingly, on June 17, 2011, Plaintiff Murray filed an Amended Complaint, adding two additional plaintiffs, Plaintiff Little and Plaintiff Zimmerman, and asserting jurisdiction under CAFA.

15. On June 27, 2011, the undersigned was contacted by Your Honor's law clerk stating that because the Rule 12 motion had been fully briefed prior to amendment, leave to amend should have been sought.

16. Following the phone call, I reached out to Defendants' counsel to determine if Defendants would consent to the amendment; however, Defendants' counsel was not able to reach the client's primary contact to determine if they would consent.

17. Defendants have suffered no prejudice as a result of this amendment. Discovery has not yet started and accordingly, there is no undue delay. The Amendment is not futile (as it asserts an additional jurisdictional basis – CAFA – for this Court to hear the state law claims, and asserts additional facts relevant for the disposition of this action), nor was the amendment brought for an any improper purpose.

18. Accordingly, Plaintiff Murray respectfully requests that this Court grant retroactive leave for Plaintiff Murray to amend, and further requests that this Court Order that Defendants are to respond to Plaintiffs' Amended Complaint, filed on June 17, 2011.

Respectfully Submitted,

*/s/ Justin L. Swidler*
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417